## COPELAND *vs.* TOUCHSTONE.

1. If a third person contracts with a journeyman for the performance of work, without the name of his employer being disclosed, and, supposing him to be the party entitled to receive it, pays him therefor, he is discharged from all liability to the employer.

Error to the County Court of Mobile.

THIS suit was commenced in a Justice's Court, and taken by appeal to the County Court. The plaintiff having established his demand, the defendant proved as an offset an account for work done by one Richardson, who was a journeyman wheelright in the employment of defendant. The plaintiff in rebuttal proved that the contract for the work was made with Richardson alone, that plaintiff was not informed that he was in the employment of the defendant, and that he paid said Richardson for it as the work was done. Upon this state of facts, the cause was submitted to the decision of the court, and judgment was rendered allowing the defendant's offset.

This judgment is now assigned as error.

D. SMITH, for plaintiff in error.

No counsel for defendant.

CHILTON, J.—It certainly cannot be assumed, that because the work was done at the shop of the defendant, he is entitled to recover for it. Copeland contracted with Richardson, in utter ignorance of the relation which existed between him and his employer, Touchstone. Conceding, then, that as

between the latter and Richardson, the relation of principal and agent obtained, or that Richardson was in the employment of Touchstone, who was entitled to all his earnings, it is too well settled now to be questioned, that if Copeland was ignorant of this fact—if he negotiated with Richardson as the principal, supposing him to be so, and paid him for the work before he had notice of any claim on the part of Touchstone, he will be protected in such payment.

Judge Story, in his work on Agency, p. 439, § 430, says— "The modes and circumstances under which such payments are made to the agent may have a material bearing on the rights of the principal. If the payments are received by the agent according to the ordinary course of business, or even if they are made out of the ordinary course of business, if the agent alone is known or is supposed to be the principal, the latter will be bound thereby. Mr. Pailey lays down the same doctrine. "If," says he, "the agent act for a principal *undisclosed*, he has authority to receive payment." Until the principal appears, the agent is to be regarded as the proprietor.— Liv. on Agency, 226—232; Faveric v. Bennett, 11 East. 38; Coates v. Lewis, 1 Camp. Rep. 444; Blackburn v. Schoales, 2 ib. 341; Stewart v. Aberdein, 4 Mees. & Welsb. 211; see also The Governor v. Dailey, 14 Ala. Rep. 469—472.

So, in the case before us, the party dealing with the journeyman, having no notice of the fact that he was working for the defendant in error, and having made to him full payment before he was informed by the defendant that he claimed the price of the work, must be considered as discharged from any obligation to pay the money over again to the principal.— Smith's Mercantile Law, 129.

It results from what we have said, that the County Court mistook the law in holding the plaintiff in error liable for the payment he had previously made to Richardson.

The judgment is consequently reversed, and the cause remanded.